# COURT OF SPECIAL SESSIONS — COUNTY OF THE BRONX — PART V.

September 21, 1922.

## THE PEOPLE v. MEYER WOLINSKY.

LANDLORD AND TENANT—PENAL LAW, SECTION 2040—FAILURE TO FURNISH AWNINGS.

The failure to furnish awnings does not come within the ''other service or facility at any time when the same are necessary to the proper or customary use of such building'' as required by section 2040 of the Penal Law.

Before Justice JOHN J. FRESCHI, presiding; ARTHUR C. SALMON and MOSES HERRMAN.

*Cattano & Gilman,* for the defendant.

*Edward J. Glennon, District Attorney,* for People.

DEMURRER to information, charging a violation of section 2040 of the Penal Law, on the ground that the allegations thereof do not constitute a crime.

FRESCHI, J.:

The statute (supra) under which this action is brought reads as follows:

'' Any lessor, agent, manager, superintendent or janitor of any building, or part thereof, the lease or rental agreement whereof by its terms, expressed or implied, requires the furnishing of hot or cold water, heat, light, power, elevator service, telephone service or any other service or facility to any occupant of said building, who wilfully or intentionally fails to

8

furnish such water, heat, light, power, elevator service, telephone service or other service or facility at any time when the same are necessary to the proper or customary use of such building, or part thereof, or any lessor, agent, manager, superintendent or janitor who wilfully and intentionally interferes with the quiet enjoyment of the leased premises by such occupant, is guilty of a misdemeanor."

It is alleged in the information filed herein that between July 1 and August 7, 1922, the defendant, as owner, lessor, agent, manager, superintendent and janitor of a building in the county of the Bronx, City of New York, who was required by the terms of a rental agreement, expressed or implied, did unlawfully and wilfully fail to furnish awnings necessary to the proper and customary use of such building, and interfering with the quiet enjoyment of the leased premises.

Does the failure to furnish awnings come within the purview of the statutory expression, " other service or facility at any time when the same are necessary to the proper or customary use of such building "?     My opinion is that such omission is not criminal.    A strict construction limits the meaning of these words of the statute to the kind of service prescribed in the law, namely, " water, heat, light, power, elevator service, telephone service " or other service of a like kind and which serves to accomplish the same results and purposes.

I vote to sustain the demurrer.

Justices SALMON and HERRMAN also voted to sustain the demurrer.